**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1389

UNITED STATES OF AMERICA,

Appellee,

v.

ANGEL ANTONIO QUIRINDONGO-MARTÍNEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Jean C. LaRocque and Shea, LaRocque & Wood, LLP on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Jacqueline D. Novas, Assistant U.S. Attorney, and Rose Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

August 24, 2006

**Per Curiam**.  Defendant Angel Antonio Quirindongo-Martínez ("Quirindongo") appeals from his sentence for escape, imposed shortly after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory rather than mandatory.  On appeal, Quirindongo challenges the reasonableness of his sentence on the grounds that the district court failed to take into account his proffered mitigating circumstances--i.e., that the escape was committed under duress--and failed to explain the reasons for the sentence imposed.  After careful review of the record, we affirm the sentence because the sentencing court's reasons, although not expressly stated, can be inferred from the record.  See United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006); United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).  In reaching this result, we are cognizant that the sentencing in this case occurred only a few weeks after the Supreme Court's decision in Booker and without the benefit of our subsequent guidance as to the appropriate post-Booker sentencing protocol.  "[I]n the future the main factors ought to be identified by the district court itself."  Navedo-Concepción, 450 F.3d at 58.

While imprisoned after being convicted for drug trafficking, Quirindongo escaped.  After being recaptured several

-2-

months later,[1] he pled guilty to escape, in violation of 18 U.S.C. § 751(a).

At his sentencing, Quirindongo requested either that his escape sentence be imposed to run concurrently with the remainder of his drug trafficking sentence or that any consecutive sentence "be reduced from the suggested guideline range."[2]  Those alternative requests amounted to the same thing since, as Quirindongo acknowledges on appeal, the guidelines provide that, "[i]f the instant offense was committed while the defendant was serving a term of imprisonment . . ., the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."  U.S.S.G. § 5G1.3(a) (Nov. 2004).

In support of that request, Quirindongo relied solely on his contention that his escape was committed under duress. Specifically, defense counsel argued that Quirindongo escaped

---

[1]Quirindongo escaped on February 15, 2004.  The precise date of his recapture is unclear from the record.  The presentence report, which the district court adopted without objection from either party, states that he was arrested on May 13, 2004. However, at the change of plea hearing, the government stated, without objection, that he was arrested on April 13, 2004.  The latter date is also contained in the Marshal's affidavit in support of the criminal complaint, which issued on May 13, 2004.

[2]Defense counsel's use of the word "suggested" indicates that he was seeking a variance from an advisory guidelines sentence rather than a downward departure within the guidelines.  However, so soon after Booker, such distinctions were not common parlance. To the extent that he was seeking a downward departure, the government is correct that the district court's failure to grant one is generally not reviewable, even after Booker.  United States v. Meléndez-Torres, 420 F.3d 45, 50 (1st Cir. 2005).

because he did not want to participate in an impending violent confrontation between two rival gangs, which, in fact, took place shortly after his escape. He further feared that, if he reported the prospect of such a confrontation to authorities, other inmates would retaliate against him. So, he sought a transfer without disclosing his reason for doing so, and when that request was denied, he escaped. Quirindongo himself told a somewhat different story.[3] In response, the government argued, albeit cryptically, that Quirindongo's failure to report voluntarily to authorities immediately after his escape was inconsistent with his claim of duress[4] and that the two descriptions of the circumstances leading up to the escape did not "match."

After hearing those arguments, the court properly began its sentencing determination by calculating the applicable guidelines range, Jiménez-Beltre, 440 F.3d at 518, of 27 to 33 months. In so doing, the court recognized that it was not bound to

---

[3]In his allocution, Quirindongo stated that he had felt "pressured" since he arrived at the institution a few months earlier because, when he was unable to produce papers requested by prison officials, he was told that if he did not produce them in 15 days, "something was going to happen to [him]." He then tried three times to seek a transfer to another institution but was unable to see a counselor. Since he "already knew that something was going to happen," when he heard about the impending gang confrontation, he escaped to avoid injury to himself or others.

[4]Some courts have held that duress, as a defense to escape, requires that the escapee report to the proper authorities as soon as he has reached a safe place. See Sarlund v. Anderson, 205 F.3d 973, 976 (7th Cir. 2000); Wayne R. LaFave, 2 Substantive Criminal Law § 9.7(b) at 75 & n.24 (2d ed. 2003).

sentence within that range by stating that those calculations would govern "[i]f the Court were to apply the guidelines in this case." The court then proceeded to announce the sentence--33 months to be served consecutively to the drug trafficking sentence that he was serving when he escaped. Other than state that it had "reviewed the presentence report, the defendant's prior record and personal background and his involvement in the instant offense," the court gave no reasons for rejecting Quirindongo's duress argument or for imposing this particular sentence. However, we infer that the court was not persuaded by the duress claim for the reasons argued by the government, and we find nothing unreasonable in that result. We further infer that, in choosing to impose a 33-month consecutive sentence, the court gave substantial weight to the guidelines, which is also appropriate. Id. at 518. Moreover, apart from the guidelines, it is obvious that if an escape sentence were to run concurrently with the sentence for the underlying crime, such a sentence would provide no deterrence to escape; the prisoner would have nothing to lose. Finally, as the district court's prefatory comments suggest, the length of the sentence may have been driven, in part, by Quirindongo's lengthy criminal record, which included an instance of absconding while on parole, for which an arrest warrant is still outstanding.

We find that implicit reasoning to be plausible and the result defensible.  See id. at 519.  Accordingly, the sentence is affirmed.  See 1st Cir. R. 27(c).